IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RONNIE LEE POTTS; PETER ESTRADA; AND ALONSO GALVAN, individually and on behalf of others similarly situated,<br><br>*Plaintiffs,*<br><br>V.<br><br>WASTE RECYCLING SERVICES, INC.; DONALD P. GRUBER, JR.; AND JAMES H. YORK, JR.,<br><br>*Defendants* | CIVIL ACTION NO. 4:17-cv-17-00246<br><br>FLSA COLLECTIVE ACTION<br>JURY TRIAL DEAMNDED |

## **COMPLAINT**

Plaintiffs, Ronnie Lee Potts ("Potts"), Peter Estrada ("Estrada"), and Alonso Galvan ("Galvan") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, file this Complaint against Waste Recycling Services, Inc. ("WasteRec" or the "Company"), Donald P. Gruber, Jr. ("Gruber"), and James H. York, Jr. ("York") (collectively "Defendants"), showing in support thereof as follows:

### I. **INTRODUCTION**

1. This lawsuit is filed to recover unpaid overtime wages and other damages under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Federal Portal-to-Portal Act, 29 U.S.C. §§ 251-262, on behalf of Plaintiffs and putative plaintiffs employed by WasteRec to distribute replacement trash carts or containers to clients of WasteRec (often municipalities) located throughout the United States.

2. Potts also brings a claim against Defendants WasteRec and Gruber for retaliation pursuant to 29 U.S.C. §215(a)(3) of the FLSA.

3. Gruber and York are alleged to be joint employers under the FLSA, and, therefore, jointly and severally liable to Plaintiffs, along with WasteRec, for Plaintiffs' and putative plaintiffs' damages alleged herein.

4. WasteRec's sole office is located in Fort Worth, Texas. Plaintiffs and putative plaintiff's report to that office.

5. Most Plaintiffs and putative plaintiffs reside in the State of Texas, although some reside in other states.

6. The Plaintiffs and putative plaintiffs who reside outside the Dallas/Fort Worth area often report from their homes directly to WasteRec's out-of-state job sites, as instructed by WasteRec.

7. Those employees located in the Dallas/Fort Worth area generally report to WasteRec's out-of-state job sites via the company's pickup trucks, as instructed by WasteRec.

8. Plaintiffs and putative plaintiff's often work 70 or more hours per workweek and are required to travel eight or more hours per day to get to/from their homes to WestRec's Texas location or out-of-state worksites, without compensation for that travel time, as required by the FLSA.

9. When Plaintiffs and putative plaintiffs arrive at their out-of-state worksites, they are often required to standby in their motel rooms until they receive a call from their supervisor to report to the worksite.

10. For their standby pay, Plaintiffs and putative plaintiffs are paid $25 per day and no

overtime compensation.

## II. FACTS

11. Waste container deliveries are made by Plaintiffs and putative plaintiffs utilizing pickup trucks with open trailers attached. Those pickup trucks and trailers are owned by WasteRec and weigh less than 10,000 pounds combined.

12. Some of the Plaintiffs and putative plaintiffs drive empty pickup trucks and trailers across state lines to cities where they load containers onto the pickups and trailers at the destination city and make local deliveries.

13. Plaintiffs and putative plaintiffs generally work in crews of one driver per pickup truck/trailer and one or two co-employees unloading and assembling containers from those trucks/trailers at locations preassigned by WasteRec.

14. Plaintiffs and putative plaintiffs are/were paid a flat daily rate generally ranging from $80 to $130, but never received overtime compensation for hours worked in excess of 40 in any workweek.

15. Upon information and belief, in some workweeks Plaintiffs were not paid the minimum wage required under the FLSA.

16. When Potts' attorney sent WasteRec a letter regarding Potts' right to overtime compensation (Exhibit A attached to this Complaint), WasteRec and Gruber, within a matter of hours after receiving that letter, terminated Potts while he was working an out-of-town job for WasteRec in California.

17. Potts was given a one-way bus ticket back to Dallas, and made to wait from approximately 10PM to 4AM on the street until the bus station opened. Potts spent three days

travelling by bus from the job site in California to his home in Dallas.

18. Gruber is named as a defendant because he is alleged to be a joint employer with WasteRec under the provisions of the FLSA. He is also alleged to have retaliated against Potts when Potts attempted to exercise his rights to overtime pay by firing him and imposing other disciplinary actions, such as rousting him from his pre-paid motel room shortly before retiring for the evening and forcing Potts to sleep on the street outside the bus station until the station opened for business the next morning, and spending three days travelling back to Dallas on a bus.

19. Plaintiffs and putative plaintiffs work/worked in excess of 40 hours per workweek in some workweeks during the three-year period immediately preceding the date upon which this lawsuit was filed forward.

20. Defendants engage/engaged in a scheme whereby Plaintiffs and putative plaintiffs are/were not credited with any overtime hours worked

21. Instead, Plaintiffs and putative plaintiffs were paid a flat daily rate, sometimes less than the required minimum wage, and never any compensation for overtime.

22. During the three-year period of time immediately prior to the filing of this lawsuit forward, Defendants employed and continue to employ numerous employees who are similarly situated to Plaintiffs, and who have suffered loss of overtime compensation due to Defendants refusal to comply with the requirement of the FLSA.

23. Plaintiffs seek certification of a FLSA collective action for all similarly situated employees within the United States and who are or were employed by WasteRec who, like Plaintiffs, were not always paid the required minimum wage and were never paid overtime

compensation for all hours worked in excess of 40 during each and every workweek. The precise class definition is stated below.

24. Plaintiffs, on behalf of themselves and all putative class members seek unpaid overtime wages, liquidated damages, unpaid minimum wages, legal fees, costs of court, post-judgment interest, and all other remedies available to them under the FLSA. Plaintiff Potts also seeks retaliatory damages against WasteRec and Gruber, including lost income, mental anguish, punitive damages, postjudgment interest, costs, and legal fees.

### III. THE PARTIES. JURISDICTION AND VENUE

#### a. Ronnie Lee Potts

25. Potts was an employee of WasteRec and is a natural person who resides in Dallas County, Texas. He was an employee of WasteRec for the approximate time period of September 2011, until November 11, 2016, when, through his attorney, he complained about not being paid overtime compensation and was immediately fired and otherwise disciplined.

26. Potts has standing to bring this lawsuit.

27. Potts worked for WasteRec out of his home in the Dallas-Fort Worth area, often commuting in one of WasteRec's pickup trucks, or by means of public transportation, to jobsites located throughout the United States, as directed by WasteRec, for an extended stay until the job was completed.

28. Potts was paid a daily rate, which was approximately $120 at the time he was terminated.

29. In some workweeks Potts worked in excess of 40 hours per workweek

30. WasteRec never paid Potts overtime compensation.

31. In some workweeks Potts was not paid the minimum wage rate required by the FLSA.

32. While commuting to out-of-state jobsites, Potts was paid one-half his daily rate.

33. While on standby at those out-of-state jobsites, Potts was paid a daily rate of $25.

### b. Plaintiff Peter Estrada

34. Estrada was an employee of WasteRec and is a natural person who resides in the State of Indiana. He was an employee of WasteRec for the approximate time period of December, 2014, until March, 2016.

35. Estrada has standing to bring this lawsuit.

36. Estrada worked for WasteRec out of his home in Indiana, commuting in one of WasteRec's pickup trucks, or by means of public transportation, to WasteRec's jobsites located throughout the United States, as directed by WasteRec, for an extended stay until the job was completed.

37. Estrada was paid a flat daily rate of approximately $110, regardless of the number of hours he worked in a workweek.

38. In some workweeks, Estrada worked in excess of 40 hours.

39. WasteRec has never paid Estrada overtime compensation.

40. While commuting to and from out-of-state job sites, Estrada was paid one-half of his daily rate, normally about $60, even though he was required to travel 10 to 18 hours per day.

41. While required to stand by, Estrada was placed in a motel room until he received a call from his supervisor that he was to report to work at the job site.

42. Estrada was compensated for his standby time at a rate of $25 per day.

43. In some workweeks Estrada was paid less than the minimum wage required by the FLSA.

### c. Plaintiff Alonzo Galvan

44. Galvin was an employee of WasteRec and is a natural person who resides in Harlingen, Cameron County, Texas.

45. Galvin was an employee of WasteRec for the approximate time period of December, 2011, until February, 2016.

46. Galva has standing to bring this lawsuit.

47. Galvan worked for WasteRec out of his home in South Texas, commuting by means of public transportation to WasteRec's job sites located throughout the United States, as directed by WasteRec, for an extended stay until the job was completed.

48. Galvan was paid a daily rate, varying from approximately $80 to $130 over the three-year period of time immediately preceding the date upon which this lawsuit was filed.

49. While travelling Galvin was paid one-half his daily rate, even though travel time could be 10 hours or more.

50. When Galvin was out of state on a company job assignment, Galvin was often required to be on standby, awaiting a call from his supervisor to report for work.

51. While on standby, Galvan was paid $25 per day, with the company paying his motel bill.

52. In some workweeks Galvin worked in excess of 40 hours.

53. WasteRec never paid Galvin overtime compensation.

54. Galvin compensation in some workweeks was less than the minimum wage required by the FLSA.

### d. FLSA Putative Collection Action Members

55. The putative plaintiffs are all current or former employees of WasteRec, delivering and assembling waste carts, and are employed out of WasteRec's office in Fort Worth, Texas.

56. The putative plaintiffs are classified by WasteRec as cart delivery personnel who, like Plaintiffs, are/were denied minimum wage and overtime compensation because of WasteRec's refusal to abide by the requirements of the FLSA to pay minimum wages and overtime compensation.

57. All of the putative collective action members are similarly situated to Plaintiffs and to one another, within the meaning of Section 216(b) of the FLSA, as more fully set forth below.

### e. Defendant WasteRec

58. Defendant WasteRec is a Texas for-profit corporation. It does business out of an office located at 3440 South Grove Street, Fort Worth, Texas.

59. WasteRec was founded by Gruber in 2011. WasteRec describes its business as "complete container management services," including the deployment and removing of carts and containers generally sized from 18 to 95 gallons.

60. Upon information and belief, WasteRec's primary customers are municipalities located throughout the United States.

61. WasteRec hires Plaintiffs and putative plaintiffs to deliver what amounts to

replacement trash containers to residents of its municipality customers.

62. Plaintiffs and putative plaintiffs are full-time employees of WasteRec.

63. Plaintiffs and putative plaintiffs are not permitted to work for competitors of WasteRec while they are employed by WasteRec.

### f. Defendant Donald P. Gruber

64. Defendant Gruber, upon information and belief, is the chief operating officer of WasteRec and one of the company's owners.

65. At all times material hereto, Gruber had operational control of the employees of WasteRec, including Plaintiffs and putative plaintiffs.

66. Gruber possesses the power to hire and fire, supervise and control work schedules and conditions of employment, determine rates of pay, and maintain employment records.

67. Gruber has the power and authority to control the economic realities of Plaintiffs' working arrangement with the company. As such, Plaintiffs contend that Gruber is a joint employer of Plaintiffs and putative plaintiffs.

### g. Defendant James H. York, Jr.

68. Defendant York was formally managing partner at WasteRec during the time period from approximately July 2011 until February 2016, when he left WasteRec.

69. During the time he was a partner at WasteRec, upon information and belief, York possessed the power to hire and fire Plaintiffs and putative plaintiffs, as well as supervise and control their work schedules and conditions of employment, determines rates of pay, and had full access to employment records.

70. York, together with Gruber, had the authority to control the economic realities of Plaintiffs' and putative plaintiffs' working arrangement with WasteRec. As such, Plaintiffs contend that York is a joint employer of Plaintiffs and putative plaintiffs.

### h. Jurisdiction and Venue

71. The Court has subject matter jurisdiction over this action based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claims and the claims on behalf of the putative collection action members on federal law, 29 U.S.C. §§ 201, *et seq.*

72. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.

73. During all times relevant to this lawsuit, Defendants have done and continue to do business in the State of Texas.

74. At all times relevant to this lawsuit, WasteRec has been an "enterprise engaged in commerce," as defined by the FLSA because its handles trash carts and containers that were produced in one state and shipped to another state for distribution by WasteRec.

75. WasteRec also handles and utilizes other goods that were produced and shipped in interstate commerce such as pickup trucks, trailers, cell phones, computers, and utilizes the internet to advertise its services.

76. At all times relevant to this lawsuit, WasteRec employed, and continues to employ, two or more employees who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person. For example, WasteRec handles and/or worked on trash containers that were moved in or produced for commerce. Other examples include software, warehouse equipment, tools, office and maintenance supplies,

telephones, computers, internet services and internet equipment.

77. On information and belief, at all times relevant to this lawsuit, WasteRec has/had annual gross sales or volume in excess or $500,000.

78. Venue is appropriate in this judicial district and division because Defendants do business therein, and many of the violations complained of in this Complaint, such as record maintenance, setting wages, hiring and terminating Plaintiffs and putative plaintiffs, occurred in this judicial district and division.

### IV. FACTS COMMON TO PLAINTIFFS AND PUTATIVE PLAINTIFFS

79. All Plaintiffs and putative plaintiffs are similarly situated to Plaintiffs and one another because:

   A. They all perform the same job duties, i.e., delivering and assembling the wheels on the containers/carts they deliver and/or drive the pickup trucks used to deliver those items.

   B. They are all subject to the same rules and standards set by Defendants.

   C. They are all paid substantially the same wage.

   D. They all work approximately the same work schedule.

   E. None of them is paid overtime.

   F. They are all required to travel to out-of-state work sites and are not properly compensated for that travel time.

   G. They are all subject to being required to stand by for hours without pay until the job is activated.

   H. They all use the same tools and equipment.

   I. Plaintiffs and putative plaintiffs make up the entire workforce of WasteRec except

for a small number of supervisors.

80. Plaintiffs also seek an order from this Court certifying a collective action class which includes all persons employed by WasteRec within the three-year statute of limitations applicable under the FLSA. The Class is specifically defined as follows:

> All individuals who work or worked for Waste Recycling Services, Inc., d/b/a WasteRec Services, engaged in delivering and/or deploying waste carts or containers typically ranging in size from 18 to 95 gallons, anywhere in the United States from three years prior to the filing of this lawsuit forward (the Class Period), and who were not paid overtime compensation for any hours worked in excess of 40 in any one or more workweeks during the Class Period, and/or who were not paid a minimum wage of at least $7.25 per hour for every hour worked during the Class Period.

## V. CONTROLLING LEGAL RULES

81. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate that employee for hours "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

82. Plaintiffs and putative plaintiffs are not exempt from the FLSA overtime law.

83. "Employ" means to suffer or permit work. 29 U.S.C. § 203(g).

84. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

85. An employer lacking good faith is generally subject to liquidated damages or twice the amount of unpaid overtime damages. 29 U.S.C. § 260.

86. A corporate officer with operational control or other person with operational control of a corporation's employees is an employer along with the corporation, and is jointly and severally liable under the FLSA for unpaid wages and liquidated damages. *See Donovan v.*

*Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984).

87. It is unlawful for an employer to discharge an employee for attempting to exercise his right to overtime compensation. 29 U.S.C. § 215(a)(3).

## VI. CLAIMS FOR DAMAGES

88. Plaintiffs repeat and reallege each and every allegation of this Complaint as if fully set forth here.

89. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. §§ 201, *et seq*.

90. All conditions precedent, if any, have been met.

91. At all times material hereto, Plaintiffs and putative plaintiffs are/were employees under the FLSA. 29 U.S.C. § 203(e).

92. At all times material hereto, WasteRec was a covered employer under the FLSA. 29 U.S.C. § 203(d).

93. At times, Plaintiffs and the putative action members worked in excess of 40 hours per workweek in the time period relevant to this lawsuit and in some workweeks were not paid the minimum wage required by the FLSA.

94. At all times material hereto, Plaintiffs and the putative action members were and are entitled to overtime compensation at one and one-half times the regular rate of pay. 29 U.S.C. § 207(a)(1).

95. At all times material hereto, the putative collective action members are/were similarly situated to the Plaintiffs and to each other and are/were employees under the FLSA. 29 U.S.C. § 203(e).

96. Defendants failed to pay Plaintiffs and putative plaintiffs overtime compensation at one and one-half times their regular rates of pay for all hours worked over 40 in each and every seven-day workweek.

97. Defendant's violations of the FLSA were and are willful within the meaning of 29 U.S.C. § 255(a). Plaintiffs and putative collective action members specifically plead recovery for the time period beginning three years preceding the date this lawsuit was filed forward for their FLSA claims.

98. Defendants have not made a good faith effort to comply with the requirements of 29 U.S.C. § 260. Therefore, Plaintiffs and putative collection action members are entitled to liquidated damages.

99. WasteRec and Gruber retaliated against Plaintiff Potts by immediately terminating his employment and otherwise retaliating against him when he complained, through his attorney, about not being paid overtime for hours worked in excess of 40 in any workweek. Potts sues both WasteRec and Gruber, jointly and severally, for statutory damages based on 29 U.S.C. § 215 (a)(3), including lost wages, mental anguish, punitive damages, attorney fees, costs, and postjudgment interest.

100. The FLSA provides: "Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages."

101. Because of the retaliatory actions of WasteRec and Gruber, Potts has suffered lost wages, emotional distress, and additional attorney fees.

Complaint of Ronnie Lee Potts, et al.
Page **14** of **17**

102. The retaliatory actions taken by WasteRec and Gruber against Potts are particularly egregious due to the fact that they were given written notice by Potts' attorney that the FLSA prohibits the exact type of conduct that resulted in this claim of retaliation.

103. Plaintiff suffered emotional distress because of the retaliatory action taken by WasteRec and Gruber, including loss of sleep, fear of not being able to pay his rent and other bills, a loss of self-esteem, anxiety, stress, embarrassment and humiliation.

## VII.   COLLECTIVE ACTION ALLEGATIONS

104. Plaintiffs repeat and reallege each and every allegation of this Complaint as if fully set forth here.

105. "When the employer's actions or policies were effected on a company-wide basis, notice of a Fair Labor Standards Act may be sent to all similarly situated persons on a company-wide basis." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 207) (certifying nationwide collective action in FLSA case).

106. Therefore, Plaintiffs seek to represent a collective action under 29 U.S.C. § 216(b) on behalf of all current and former WasteRec employees engaged in the deployment of waste containers. The relevant time period for this class begins three years preceding the date this lawsuit was filed forward.

107. Plaintiffs reserve the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or proceeding.

108. Plaintiffs reserve the right to amend the definition of the putative class, or sub-classes therein, if discovery and further investigation reveal that the putative class should be expanded or modified.

109. There are common questions of law and fact applicable to the Class including the question whether Plaintiffs and putative collective action members have been improperly denied overtime pay and whether they have been paid the required minimum wage. All of Plaintiffs and putative plaintiffs performed the same or similar job duties, were hours in excess of 40 in single workweeks, were paid the same wages, worked out of the same office in Fort Worth, Texas, had the same supervisors, and sustained the same economic injury because of WasteRec's refusal to pay overtime and minimum wages as mandated by the FLSA.

## VIII. JURY DEMAND

110. Plaintiffs demand a jury trial.

## IX. DAMAGES AND PRAYER

111. Plaintiffs ask the court to issue a summons for Defendants to appear and answer, and that Plaintiffs, and those persons similarly situated to Plaintiffs, be awarded a judgment against Defendants for the following:

   a. Actual damages in the amount of unpaid overtime wages;
   b. Liquidated damages of twice the amount of unpaid overtime, as provided by the FLSA;
   c. Damages for unpaid minimum wages;
   d. Certification of a FLSA collective action;
   e. Post-judgment interest;
   f. Court costs;
   g. Legal fees,
   h. All other relief to which Plaintiffs and collective action members are entitled; and

i. Damages for Plaintiff Ronnie Lee Potts based upon the retaliatory conduct by Defendants WasteRec and Gruber, including lost wages, mental anguish, punitive damages, attorney fees, costs, and postjudgment interest.

Respectfully submitted,
 /s/ Roger D. Marshall
Roger D. Marshall
State Bar No. 13040000
10604 Corvallis Dr.
Dallas, Texas 75229
Tel: 214-850-1989
Fax: 214-363-4833
E-mail: Rmarsh9558@aol.com

*Attorney for Plaintiffs*